EASTERN DIST.
March, 1835.

SLOCOMB
vs.
BREEDLOVE
ET AL.

SLOCOMB vs. BREEDLOVE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Slaves inherited by the wife, in Mississippi, where the common law prevails, and according to the principles of which they become the property of the husband, are liable for his debts, when brought into this state, and may be attached and sold to satisfy his debts due here.

The attaching creditor, in order to repel the claim of an intervening party, is not bound to show that the property attached belongs to his debtor. It is sufficient to show that it does not belong to the claimants.

This is an action upon a judgment rendered in the state of Mississippi, against A. W. Breedlove and one Greenleaf, jointly and severally, for one thousand three hundred and thirty-nine dollars sixty-two cents, exclusive of interest and costs, in favor of the present plaintiff. Suit, by attachment, was commenced on said judgment in the First District Court of Louisiana, against certain slaves alleged to be the property of A. W. Breedlove, who is a resident of Texas.

The counsel for Breedlove pleaded the general issue ; and denied specially that he was the owner of the slaves named in the attachment.

Susan W. Breedlove, wife of the defendant, intervened and claimed the slaves in question as her own property. She alleges they were decreed to her by a court in Mississippi, in 1833, and sent down to New-Orleans, consigned to J. W. Breedlove, to be sent to her at Brazoria, in Texas ; and that they were attached in this suit, on their passage hither. She alleges these slaves were never in the possession of her husband, and that he has no claim to them.

Upon these issues, the parties went to trial. The evidence establishes that the intervenor is one of the heirs of John Clark, who was interested in some lands in Concordia. On the 28th November, 1828, the intervenor and her husband sold this land to Elijah L. Clark, for eight hundred dollars,

EASTERN DIST.
March, 1835.

SLOCOMB
vs.
BREEDLOVE
ET AL.

in notes, which were loaned to Mrs. Margaret Clark, mother of the intervenor. Margaret Clark died in 1829, leaving as part of her estate, the slaves in question. At the probate sale of said estate, in 1830, these slaves were bought in by Thomas M. Newell, for and on account of the intervenor. Newell gave his note for the price, but which was never paid, and the slaves remained in possession of the administrator until 1834, when they were shipped at Grand Gulf to be forwarded to the intervenor, residing at Brazoria, in Texas. These slaves were in fact paid for, in the debt due by the estate of Mrs. Clark, arising principally out of the loan of the two notes of Elijah L. Clark, given in payment of the Concordia lands.

Marital rights in Mississippi, are shown to be governed by the principles of the common law, by which the moveable property of the wife belongs absolutely to the husband, as also the price of immoveables, when sold.

It was admitted that the title of the slaves was in Newell, as purchaser at the probate sale, but he never took them into possession or exercised any acts of ownership over them.

The district judge was of opinion that the slaves by the laws of Mississippi, became the property of the husband, and consequently liable to his debts.

Judgment was rendered in favor of the plaintiff for the amount of his claim, and that the slaves attached in the suit be seized and sold to satisfy said judgment. The intervenor appealed.

*Peirce and Jackson*, for the plaintiff.

*Gray*, for the appellant, contended that the slaves attached in this case were sold to Newell, and stand in his name who is a third person ; and the validity of the conveyance to him and the propriety of his possession cannot be thus attacked collaterally. An action of nullity must first be brought to set aside the sale and have the property decreed to the defendant, before it can be attached for his debts. 4 *Louisiana Reports*, 316. 5 *Martin, N. S.*, 361, 634. 6 *Ibid.*, 139, 325. 2 *Louisiana Reports*, 214. 3 *Ibid.*, 479. 5 *Ibid.*, 126.

EASTERN DIST.
*March*, 1835.

SLOCOMB
*vs.*
BREEDLOVE
ET AL.

2. If the negroes were held in trust for Mrs. Breedlove, they cannot be seized here to satisfy a debt of her husband, and in Mississippi where the common law prevails, they could only be reached by her husband or his creditors by means of a bill in equity.   1 *Maddock's Chancery*, 447—82.

3. Admitting for a moment that they were purchased by money of her husband, the sale as before said, cannot be attacked thus collaterally in this state, and in Mississippi it could have been only done by filing a bill in chancery, and proving the fact by examination of the purchaser on oath, or in some other manner.

4.   But the principal items in the account alleged to have been given in payment for the slaves, are two notes received from the sales of Mrs. Breedlove's lands in Louisiana, they were choses in action and not being *reduced into possession* by the husband, never ceased to be the wife's property.   2 *Blackstone's Commentary*, 443.

5. Neither a judgment nor a *fieri facias* of another state can give a lien which the courts of this state can recognise. 8 *Martin, N. S.*, 448.

*Martin, J.*, delivered the opinion of the court.

This case commenced by attachment of the defendant's property.   Certain negroes being seized, the defendant's wife intervened and claimed them as her own property. Judgment was rendered rejecting her claim and she appealed. The appellant's counsel admits, the legal title to the slaves in question is in one Thomas M. Newell, a resident of the state of Mississippi, but urges that the equitable title is in the wife of the defendant, Newell not having paid the consideration for which they were sold.   The appellant also shows that these slaves were part of the succession of her mother, Mrs. Margaret Clark, who died in 1829.   The administrator of the estate of Mrs. Clark, received as the consideration of the sale of said slaves to Newell, a discharge from a debt of the deceased Mrs. Clark, resulting from the loan of two notes taken by the husband ——————— of

19

EASTERN DIST.
March, 1835.

SLOCOMB
vs.
BREEDLOVE
ET AL.

the intervening party in payment of a tract of land in Concordia in the state of Louisiana, which belonged to her and was sold by the husband and wife. Newell promised, when he purchased the slaves, to convey them when he was liberated from the obligation of paying the price.

Slaves inherited by the wife in Mississippi, where the common law prevails, and according to the principles of which they become the property of the husband, are liable for his debts when brought into this state, and may be attached and sold to satisfy his debts due here.

It is admitted that Newell, the intervenor, and her husband were at the time these transactions took place, all residing in the state of Mississippi, in which marital rights are regulated by the common law of England. According to the principles of the common law, the whole of the personal estate of the wife, in possession or in action, by the marriage, becomes the property of the husband; but the *choses* in action do not become absolutely his until he reduces them to possession.

On a full view of the case, it is the opinion of this court that the judge who tried the cause in the first instance, did not err in the conclusion to which he came.

The counsel for the appellant contends, and in this has, in our opinion, correctly urged, that the property attached was sold to Newell, and the title still stands in his name, who is a third party. Hence the validity of the conveyance to him, and the propriety or right to the possession taken under it, cannot be collaterally affected in the present case. An action must be brought to have the sale to Newell set aside, and the property decreed to belong to the defendant. In support of these positions, he has cited the following authorities: 2 *Louisiana Reports*, 214. 3 *Ibid.*, 674. 5 *Ibid.*, 361. 5 *Martin, N. S.*, 634. 6 *Ibid.*, 329.

The attaching creditor, in order to repel the claim of an intervening party, is not bound to show that the property attached belongs to his debtor. It is sufficient to show that it does not belong to the claimant.

Admitting, as we have done, the correctness of the foregoing positions, it further appears by a document subscribed by the intervenor or her attorney, to her husband, she admits that he made the loan of the notes to her mother; and that he was the creditor to whom the debt was due by the estate, in consequence of the loan. Hence, it follows, as he paid the price which Newell had promised to pay for the slaves, it is to him that Newell is to reconvey. The attaching creditor, in order to repel the claim of an intervening party, is not bound to show that the property which is attached, belongs

to his debtor.   It suffices to show that it does not belong to the claimant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.